Bullard, J.
delivered the opinion of the court.
The plaintiff alleges himself to be the holder of a bill of exchange drawn by Samuel Armistead upon the defendants in virtue of them letter of credit in favor of the latter, whereby they promised to accept any drafts drawn by him upon them not exceeding two thousand dollars, payable between the first [48] of December, 1839, and the 1st of February, 1840, but which bill they refused to accept. The plaintiff alleges that the letter of credit was written by Benjamin A. Gamble, acting in the name and by the authority of the defendants. The defendants for answer say that the letter of credit described *391 in the petition was not drawn nor subscribed by them nor by any person duly authorized by them, and that if it was drawn by Gamble he had no authority to subscribe their names thereto, and that they never accepted and were not legally hound to pay the draft sued on. There was a judgment for the plaintiff and the defendants appealed.
The case turns altogether upon a question of fact, to wit, the authority of Gamble to sign the name of the defendants to a letter of credit in favor of Samuel Armistead. The evidence appears to us perfectly satisfactory that the letter of credit was executed by their order. It is true that in the letter book which was kept by Gamble the copy appears to be addressed to William Armistead who is shown to be a responsible man, but the index referring to the copy has the name of Samuel Armistead, which corresponds with the original. Another strong circumstance is the fact shown in evidence that the defendants took collateral security from Samuel Armistead to guarantee them against their letter of credit. It is not shown that William Armistead had any dealings with the house. On the contrary Samuel Armistead had been in correspondence with them and they had made a purchase of cotton for him which was shipped to New-York a few days after the date of the letter of credit. Gamble’s character appears to have been above reproach. A letter written by him to the plaintiff from Ireland, which it was agreed should be read as a deposition in the event of a lawsuit, was properly used notwithstanding the defendants’ objection to it, and particularly certain parts of it alleged to be impertinent and defamatory. He gives a full and fair explanation of the transaction, from which it is clearly shown not only that he was expressly authorized to sign the letter of credit to Samuel Armistead, but that it was done contrary to his advice, and that one of the partners expressed his regret afterwards at having done so, and said jocosely [49] that the only way of evading it was to charge Mm (Gamble) with forgery. Gamble expresses a just and manly indignation at the shuffling equivocation of the defendants, which was certainly calculated, after lie had left the country, to leave a foul imputation upon his name.
It is therefore ordered, adjudged and decreed, that the judgment of the commercial court be affirmed, with costs and ten per cent, damages.